# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.:

EMILIO CABAN,

    Plaintiff,

v.

TRANSUNION, LLC

    Defendant.

_____/

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Emilio Caban ("Plaintiff") sues Defendant TransUnion, LLC (the "Defendant") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4. Plaintiff is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant TransUnion, LLC ("Defendant TransUnion" or "TransUnion") is a Delaware limited liability company whose registered agent in Florida is Corporation Service

Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

## Summary

6. This action involves derogatory reporting of a child support Account (the "Child Support Account" or "the Account") that was or still is being inaccurately reported to Plaintiff's credit profile with the Credit Reporting Agency (the "CRA") TransUnion, LLC. Plaintiff asserts that the reporting of the Account is inaccurate in that, 1) the Account is being reported twice, but there is only one child support Account, 2) the Account is not in collections, delinquent or closed, 3) the balance owed is incorrect, and 4) that the date opened is wrong. Despite multiple disputes submitted to Defendant TransUnion, the disputes were not properly investigated, and the Defendant continued to update inaccurate and derogatory reporting of the Account on his credit reports.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant TransUnion)

7. Plaintiff incorporates paragraphs 1- 6 by reference of this Complaint.

8. Defendant TransUnion has prepared and issued consumer credit reports concerning Plaintiff.

9. On or about May 2021, Plaintiff submitted an online dispute (the "Dispute") to TransUnion regarding the erroneous reporting of the Child Support Account. Specifically, Plaintiff chose a pre-populated dispute reason that the reporting of the account was not accurate and that the account was not closed.

10. In response to the Dispute, TransUnion gave notice of the Dispute to the furnisher in accordance with the FCRA.

11. The results of TransUnion's investigation of the May 2021 Dispute, was "Verified as Accurate and Updated." The reporting was updated to reflect the Account type as a personal

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

loan, the date opened as February 21, 2020, and the status of the Account as closed.

12. On or about September 2021, Plaintiff submitted a second online dispute to TransUnion once again challenging the same errors regarding the Child Support Account.

13. In response to the second dispute, TransUnion promptly and properly gave notice of the Dispute to the furnisher in accordance with the FCRA.

14. TransUnion responded in October 2021, stating. "We investigated the information you disputed, and the disputed information was VERIFIED AS ACCURATE; however, we updated Balance; Last Payment Made; Past Due; Rating."

15. On or about July 26, 2022, Plaintiff submitted a dispute letter which included a method of verification request, and a reinvestigation concerning his previous disputes. The letter referenced and enclosed a certified copy of a Court Order Granting Plaintiff's Contest of Negative Reporting to Credit Bureaus.

16. In response to the Dispute, TransUnion promptly and properly gave notice of the Dispute to the furnisher in accordance with the FCRA.

17. In a letter dated August 27, 2022, TransUnion stated that the disputed information was "VERIFIED AS ACCURATE."

18. TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." TransUnion regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

19. TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

20. Despite receiving Plaintiff's disputes and the fact that Plaintiff's Child Support Account is not in collections or otherwise delinquent, TransUnion continued to negatively report

Plaintiff's Account.

21. Continuing to report the status of Plaintiff's Account in this fashion is significant.

22. By continuing to report the status of Plaintiff's Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

23. Credit scoring algorithms take Plaintiff's Account status into consideration when generating a credit score and showing this incorrect Account status would cause a lower credit score to be generated.

24. TransUnion failed to conduct a reasonable investigation and reinvestigation.

25. TransUnion failed to review and consider all relevant information submitted by Plaintiff.

26. TransUnion failed to conduct an independent investigation and, instead, deferred to the furnisher despite the evidence and/or information Plaintiff provided to it (TransUnion).

27. TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, TransUnion failed to correct the information.

28. TransUnion's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

29. TransUnion did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from the furnisher despite being in possession of evidence that the information was inaccurate.

30. Without any explanation or reason, TransUnion continued to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

31. Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

32. On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

33. TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

34. TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

35. TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the

consumer.

36. The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

37. Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

38. The appearance of the Accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in his disputes to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

39. As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

40. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant TransUnion)

41. Plaintiff incorporates the foregoing paragraphs by reference of this Complaint.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

42. On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

43. On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

44. On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

45. Additionally, TransUnion negligently failed to report Accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

46. TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

consumer.

47. The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

48. Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

49. As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

50. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: October 4, 2022

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:        jen@jibraellaw.com
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:        jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com